CHARLES W. SINES v. SUPERINTENDENTS OF THE POOR FOR WAYNE COUNTY.

*Contract—Question for jury.*

The existence and terms of a contract which rests, if it exists at all, upon actions and oral communications, are for a jury to determine.

Error to Wayne.    (Full Court.)    Oct. 24.—Nov. 19.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*Ervin Palmer* for appellant.    A continuance in employment after the expiration of the "current year" was equivalent to a new hiring upon the same terms: 1 Bl. Comm. (15th Eng. ed.) 425; *Tyng v. Theological Seminary* 46 N. Y. Sup'r Ct. 256, 268; *Vail v. Jersey Little Falls &c.* 32 Barb. 567; *Evertsen v. Sawyer* 2 Wend. 507; *Bradley v. Covel* 4 Cow. 349; the continuance of occupation under a lease for one year has always been recognized as a renting for another

year : *Doe v. Bell* 5 Term 472 ; *Abeel v. Radcliff* 15 Johns. 505.

*John Atkinson* for appellee. There is no general presumption that a hiring with no particular time mentioned is a hiring for a year; in England the presumption is not one of law, but of fact : *Baxter v. Nurse* 6 M. & G. 941 ; and is therefore subject to be overcome by anything in the terms of the contract indicating a different intent in the parties ; see *Bayley v. Rimmell* 1 M. & W. 506 ; *Rex v. Christ Parish* 3 B. & C. 459 ; it does not apply to governesses : *Todd v. Kerrick* 8 Exch. 151 ; nor to laborers in husbandry : see *Nichols v. Graves* 17 C. B. (N. S.) 27.

COOLEY, C. J. The plaintiff sues to recover for the services of himself as keeper, and his wife as matron, of the Wayne County almshouse, for the year succeeding October 1, 1882. The case was sent to a referee, who found that the plaintiff and his wife were first employed in the capacities mentioned for one year, commencing August, 17, 1877, "at a salary of eight hundred dollars per annum;" that the employment was continued after the expiration of the year, to September 30, 1878, and was then renewed by formal resolution of the board, for another year; that on September 30, 1879, it was again renewed for another year in the same way, and at the end of that year for still another year. At the end of the year 1881 plaintiff and his wife continued in service on an oral understanding with the board that they should do so, and on January 4, 1882, a formal resolution of the board was adopted, continuing their employment for the year ending September 30, 1882.

About the middle of September, 1882, plaintiff met two of the three superintendents, and stated to them that there were rumors of changes to be made, and as the year was nearly over he desired to know whether he would be wanted another year ; that if he was not wanted another year he desired to leave when the year was up ; that both his houses and his farm were occupied, and he would want to make his arrangements so as not to move his family in the winter. Mr. McDonald, one of the superintendents, said in the pres-

ence of Shanahan, the other, that he had heard nothing about any change being made, but as the board was not full that day it was best to let the matter lie over until they were all present, and he would then bring the matter up; that he did not suppose there would be any change, and plaintiff was to go on as he had done; that if there was any change they would let him know by the first of October. All this was said by McDonald in good faith, and in the belief that no change was intended. He supposed he was speaking the wishes of all the members of the board, but did not understand he was making a contract. The other member of the board heard this conversation, but said nothing. Plaintiff and his wife thereupon continued in the service, and were not in any manner notified their services were not desired for another year until January 3, 1883, when the board by formal resolution appointed other persons to the positions respectively, and notified plaintiff that the employment of himself and his wife would terminate on February 1, 1883. In the mean time no dissatisfaction had been expressed with either of them. They left the almshouse at the time notified, but under protest that the salary would be claimed for the year. The referee found facts showing special damage to the plaintiff by reason of the employment being thus terminated. As conclusions of law he found the following:

"It was competent for two of the said superintendents, without an authorization of the board at a formal meeting, to enter into a valid contract which would be binding upon the corporate body, for the employment of a keeper, or a keeper and matron, of the said almshouse.

The facts fail to establish an express contract on the part of the said superintendents for the hiring of the plaintiff as keeper for the year next ensuing October 1, 1882. The said conversation between plaintiff and said McDonald and Shanahan did not make any express contract between the parties.

No contract or undertaking on the part of the said superintendents arises, by implication of law, from all the circumstances and facts above found and set forth, to continue the employment of plaintiff for another term from and after October 1, 1882."

55 MICH.—25

Upon these findings judgment was rendered for the defendants, and plaintiff assigns error.

The referee's conclusions of law are correct so far as they go, but they do not cover the case. It is very evident that no express contract of hiring for another year was entered into. It is also true that the law will not imply a contract from the facts stated. But when the question is whether parties, by oral communication and by their acts, have entered into a contract the conclusion to be deduced is not one of law but of fact, and must be determined as such. The contract itself, if there is one, is a fact, to be arrived at on a consideration of other facts; and if there is any evidence tending to prove it, must be found like any other fact, by a jury, or by the court acting in the place of a jury.

There were in this case some very strong facts tending to the proof of a contract, though they were not conclusive. Plaintiff appears to have understood that his employment was to continue for another year, and he perhaps had a right under the circumstances to suppose the members of the board understood it in the same way. But the significance of their acts we cannot pass upon here. It would seem they did not understand they had done what would amount to a renewal of the employment; but if their acts were such as fairly to lead the plaintiff to understand he was again employed, a jury may perhaps imply a contract to that effect.

The case closely resembles *Tallon v. Mining Co.* ante, p. 147, decided at the present term, and we think that case rules it. A new trial must be ordered.

The other Justices concurred.