## INTERNATIONAL GLASS CO. v. KROUSE.

(Circuit Court of Appeals, Third Circuit.  July 22, 1922.)

No. 2825.

**1. Contracts ⬅176(7)—Existence and terms of oral contracts for jury.**

The existence and terms of a contract, which rests, if it exists at all, on the actions and oral communications of the parties, are for the jury to determine.

**2. Appeal and error ⬅1001(1)—Verdict sustained by evidence binding.**

The finding of fact by a jury as to the existence and terms of an oral contract is binding on the appellate court, if there was evidence sufficient to sustain it.

**3. Insurance ⬅100—Evidence held to sustain findings of jury as to existence and terms of oral contract.**

Evidence *held* to sustain finding of jury as to the existence and terms of an oral contract appointing plaintiff sole insurance broker of defendant company so long as he retained 25 shares of its stock, which he purchased at par in consideration of such appointment.

**4. Insurance ⬅106—Evidence held to show breach of contract.**

Where defendant company made an oral contract with plaintiff, appointing him its sole insurance broker so long as he retained 25 shares of its stock, which he purchased at par in consideration of the agreement, and defendant company subsequently assigned all its property to another company, which assumed the agreement, the admission of defendant that it had not placed all of its insurance with plaintiff during the time he retained the stock, but had placed insurance with other brokers, was sufficient to show its breach of the contract.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. W. Whitaker Thompson, Judge.

Suit by Clarence A. Krouse against the International Glass Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

Thomas Raeburn White, of Philadelphia, Pa., for plaintiff in error.
Winfield W. Crawford, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.  This suit was brought by the plaintiff, an insurance broker, to recover damages for the breach of an alleged oral contract.  The real question is whether or not there was sufficient testimony as to the existence of a contract to justify submitting the case to the jury or to sustain the verdict found by it.

In his statement the plaintiff averred that Mr. R. C. Ware, secretary and treasurer of the International Glass Company of New Jersey, which later assigned all its property to the International Glass Company of Delaware, requested him to purchase 25 shares of the capital stock of the New Jersey Company, of the par value of $100 each; that if he would do so the company would appoint him its insurance broker as long as he retained the stock, "with full power and authority to take charge of and transact and place, cancel and replace all the insurance of the company, and act as the company's insurance broker in all matters pertaining to its insurance affairs"; that the agreement between him and Mr. Ware was ratified by the company at a

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

meeting of the board of directors; that, relying upon the representations thus made, he purchased 25 shares of the stock of the company and acted as its sole insurance broker for a period of two years; that he still owns the 25 shares in the Delaware Company, given in exchange for those of the New Jersey Company at the time its property was taken over by the Delaware Company, and that in violation of the terms of the contract the defendant refuses to place its insurance through plaintiff and to accept renewals of policies procured by him, but is doing so through other brokers.

The case was tried to a jury, which returned a verdict for plaintiff, and the defendant contends that: (1) There was no evidence that the contract averred in the statement had been entered into by the plaintiff and the New Jersey Company; and (2) no breach of the contract was shown.

In proof of the contract plaintiff produced testimony tending to show that he had been the insurance broker of the New Jersey Company for two years. Mr. Ware, his friend, told him that, so long as he was secretary and treasurer of the company, he, the plaintiff, would probably retain the insurance as broker of the company, but that the purchase by him of 25 shares of stock would make his position "certain" and he would continue to have the insurance account with the company. On being asked if the directors would approve the agreement, Mr. Ware said he would find out. Later Mr. Ware told him, in the presence of Mr. Boaul Fredericks, general manager of the company, that "Mr. Fredericks would agree to such an agreement." After the meeting with the plaintiff and Fredericks, Mr. Ware reported to the board of directors that the "deal" with the plaintiff had been consummated; that Mr. Krouse had agreed to purchase $2,500 worth of stock of the company, and that he had arranged to carry the insurance of the company with him as long as he was satisfactory.

Thereafter the arrangement between Mr. Ware and the plaintiff was brought up at a formal meeting of the board of directors some time between July 18 and October 11, 1917, but no record of any meeting between those dates could be found in the minute book. There was, however, a page of the minute book missing between the record of the meeting of July 18 and October 11, 1917. The president of the company, however, testifying as to the report of the arrangement between Messrs. Ware and Krouse, said "that [the agreement] was ratified [by the board of directors] and these minutes should show it," but that the minute of the meeting had been removed from the book. In accordance with the ratified agreement, plaintiff purchased 25 shares of the stock of the New Jersey Company, and soon thereafter Mr. Ware wrote the general manager of the company to place all insurance through the plaintiff. This was done until some time after November, 1919. Mr. L. H. Wood, president of the company succeeding Mr. Mulford, testified that after the controversy arose there was talk among the members of the board of directors that there was a contract between the plaintiff and the company.

[1] The existence of the contract alleged by the plaintiff was denied, and the evidence by which the contract was sought to be estab-

lished disputed, and so it was not for the court to declare as a matter of law that there was no such contract; but it was for the jury to say, under all the evidence, whether or not as a fact such contract did exist. Henderson Bridge Co. v. McGrath, 134 U. S. 260, 275, 10 Sup. Ct. 730, 33 L. Ed. 934. The existence and terms of a contract, which rests, if it exists at all, upon actions and oral communications and agreements between the parties, are for the jury to determine. Sines v. Superintendents of Poor, 55 Mich. 383, 21 N. W. 428; Blount v. Guthrie, 99 N. C. 93, 5 S. E. 890. In the former case Chief Justice Cooley said:

"But when the question is whether parties, by oral communication and by their acts, have entered into a contract, the conclusion to be deduced is not one of law, but of fact, and must be determined as such. The contract itself, if there is one, is a fact, to be arrived at on a consideration of other facts, and, if there is any evidence tending to prove it, must be found like any other fact, by a jury, or by the court acting in the place of a jury."

[2, 3] The learned trial judge submitted to the jury the question of whether or not the defendant entered into a contract with the plaintiff under which it agreed to employ him as its insurance broker so long as his work was satisfactorily done, and so long as he continued to hold the 25 shares of stock, and the jury found as a fact that the defendant did enter into the contract, and awarded damages for breaching it. That finding settles the question, and is binding upon us, if there was evidence sufficient to sustain it. We think the evidence, if believed by the jury, justified the conclusion that there was an agreement between Ware and Krouse, that it was ratified by the board of directors, that the plaintiff performed his part by purchasing the stock, and the New Jersey Company did likewise by employing him as its sole insurance broker for a period of two years or more thereafter.

[4] Defendant contends that "no breach of contract was shown," and that plaintiff cannot recover, even though the existence of a contract is established, because the contract was not made with the Delaware Company. The International Glass Company of New Jersey assigned all its property to the International Glass Company of Delaware, which at the same time assumed all the liabilities and obligations of the New Jersey Company. One of the obligations assumed was the duty of the Delaware Company to perform the contract between the plaintiff and its assignor. The defendant admits, and the evidence discloses, that it "has not placed all its insurance with the plaintiff," but has placed "insurance through other brokers."

In thus violating its assumed obligations, the defendant was liable to damages, and the judgment of the District Court is affirmed.