**OZARK MILLING COMPANY, INC.**
**a/k/a Ozark Milling, Inc., Appellant,**

v.

**ALLIED MILLS, INC., Appellee.**

**Nos. 72–1751, 73–1048.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1973.

Decided June 22, 1973.

Rehearing Denied July 23, 1973.

Richard Hipp, Fayetteville, Ark., for appellant.

Thomas B. Burke, Fayetteville, Ark., for appellee.

Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

Ozark Milling Company, Inc. appeals from an order granting summary judgment in favor of Allied Mills, Inc. in an action for breach of an oral contract. The facts are fully reported at 349 F. Supp. 553 (W.D.Ark.1972) and will not be restated.

Ozark contended below that it agreed to become a distributor of hog feed for Allied and in turn severed its relationship with its present feed supplier because Allied's agents promised that Allied would: (1) establish a nearby warehouse to facilitate feed deliveries; (2) provide more liberal financing terms for Ozark's hog farmer-customers than did Ozark's present supplier; and (3) provide more efficient servicing of Ozark's customers. Allied allegedly failed to per-

form any of its promises, causing Ozark loss of customers and goodwill. Allied denied the existence of the alleged oral contract. In granting summary judgment the trial court found that the deposition of Baker, Ozark's president, established "beyond question that there was no contract of any kind entered into between plaintiff and defendant." 349 F.Supp. at 560.

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment where the record discloses that there exists no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Summary judgment is an extreme remedy, one which is not to be entered unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances. Rotermund v. United States Steel Corporation, 474 F.2d 1139, 1143–1144 (CA8 1973); Luick v. Graybar Electric Company, Inc., 473 F.2d 1360, 1362–1363 (CA8 1973); Cervantes v. Time, 464 F.2d 986, 993 (CA8 1972) and Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213 (CA8 1951).

A thorough review of the record convinced us that summary judgment is precluded in this case. The depositions clearly disclose the presence of a genuine factual dispute as to the existence of the alleged oral contract.

Baker testified that Allied's representatives made the alleged promises; that because of the promises he agreed to become a distributor for Allied and that Ozark suffered damages when Allied failed to perform its obligations. Allied's representative, Cartwright, denied that he had ever promised Baker that a local warehouse would be acquired, but essentially admitted making the other statements Baker claims Ozark relied on in agreeing to become a distributor for Allied. Baker also claims that J. W. Elder, another Allied representative, promised him that a warehouse would be acquired by December 15, 1970. The record contains no response by Allied to this allegation.

The burden was on Allied to establish the non-existence of any genuine issue of fact, and all doubts must be resolved against Allied. We conclude that on the record before us a dispute is presented as to the existence of the alleged oral contract.[1] The ultimate question of whether there is a submissible jury issue, must, of course, await appellant's presentation of its evidence at trial.

Reversed and remanded.

---

1. Allied did not rely on the Statute of Frauds, see, In re Augustin Bros. Co., 460 F.2d 376 (CA8 1972), but denied the existence of the alleged oral contract. Where the existence of an alleged oral contract is at issue and the evidence is disputed, the question should be resolved by the jury. See International Glass Co. v. Krouse, 282 F. 206 (CA3 1922) and 4 Williston, Williston on Contracts, § 616 (3d ed. 1961). *Cf.*, Drainage Dist. No. 1 v. Rude, 21 F.2d 257, 262 (CA8 1927). On the other hand, where the words used by the parties are not in dispute, "the court will deal with the matter in the same way as if the contract was written." Williston on Contracts, supra at § 616.