**George SAAL, Appellant,**

v.

**Clarence MIELKE, Appellee.**

**No. 73–1620.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1974.

Decided March 8, 1974.

Phillip D. Nelson, Bemidji, Minn., for appellant.

Gerald S. Rufer, Fergus Falls, Minn., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this diversity action George Saal sought to recover damages for personal injuries suffered when he fell from a boat dock owned by Clarence Mielke, defendant below. Mielke moved for summary judgment, relying primarily upon pre-trial discovery to show the existence of an oral lease between Mielke and one Ted Eckert which made Eckert solely responsible for the dock's maintenance and operation, and hence, under Minnesota law, exonerated Mielke from liability for Saal's injuries. The District Court granted summary judgment in favor of Mielke. Because we find that the existence of the lease is a fact both genuinely disputed and material, we reverse.

The facts with respect to the accident itself are undisputed. Saal had gone to Mielke's property on Head Lake in northern Minnesota on May 17, 1971 to rent a fishing boat. As he was walking on the boat dock one of the boards broke and he fell off the dock. Mielke based his defense upon the lease. According to the deposition testimony of Mielke and Eckert, and the answers to certain interrogatories propounded to Mielke, Eckert had leased the boat dock premises from Mielke each year since 1968 for $150 per year. Under the terms of the oral lease agreement, Eckert was responsible for the care, maintenance and operation of the premises and was entitled to retain the rentals from the boats and cabin-trailers. However, two of the six cabin-trailers were rented out for the entire season by Mielke, who retained the rentals. Only the oral testimony supports the existence of the lease. All of Eckert's annual payments were made in cash, according to the testimony. Eckert kept no records of either expenses or income, and he did not earn sufficient income during the term of the lease to require him to file income tax returns.[1]

That the property subject to the alleged lease, including the 29 acres of farmland and lake shore, the six trailer-cabins and the fifteen rowboats, is owned by Mielke is undisputed. The rowboats are licensed by the State of Minnesota in Mielke's name. Moreover, during the period of the lease Mielke paid for the capital improvements on the property including the addition of five trailers, the replacement of boats and the materials used in the construction of a cement block building containing showers and toilets, as well as the cost of the cesspools. All this was done without any increase in the $150 yearly rent. Mielke's income tax returns reveal that the operation of the subject property has always been reported on a form Schedule C—Profit or Loss From Business or Profession—rather than the form for Profit or Loss From Rental Property. The tax returns also reveal an annual net operating loss on the property ranging from a low of $832.25 in 1969 to a high of $1661.11 in 1971. Real estate taxes alone have averaged nearly twice Eckert's annual payment.

The District Judge did not file a memorandum with his order granting summary judgment (as indeed he is not required by the Rules to do), but it may be fairly inferred that he found the existence of the lease to be a bar to recovery. The legal conclusion which resulted from this finding is neither conceded nor contested on this appeal; the only question here is whether the record discloses the existence of the leasehold beyond genuine dispute. In Ozark Milling Co., Inc. v. Allied Mills, Inc., 480 F.2d 1014, 1015 (8th Cir. 1973), this court restated the general rules applicable to summary judgment motions:

> Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment where the record

---

1. Some time after Saal's accident, Eckert began keeping records, including the names of persons renting boats and cabins. Due to the absence of records, only the seasonal renters who dealt directly with Mielke can be identified.

discloses that there exists no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Summary judgment is an extreme remedy, one which is not to be entered unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances.

*Accord:* Rotermund v. United States Steel Corp., 474 F.2d 1139 (8th Cir. 1973); Luick v. Graybar Electric Co., Inc., 473 F.2d 1360 (8th Cir. 1973); Cervantes v. Time, Inc., 464 F.2d 986 (8th Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973); City National Bank v. Vanderboom, 422 F.2d 221 (8th Cir.), cert. denied, 399 U.S. 905, 90 S.Ct. 2196, 26 L. Ed.2d 560 (1970); Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213 (8th Cir. 1951).

Under this standard, the evidence in this record cannot be said to establish the existence of the leasehold "with such clarity as to leave no room for controversy." It is true that no direct evidence exists to contradict the sworn deposition testimony of Mielke and Eckert, but no other evidence, direct or circumstantial, exists to corroborate that testimony. The body of circumstantial evidence which runs counter to the existence of a lease is clearly sufficient to bring into issue the credibility of these two interested parties. "[W]here the existence of an alleged oral contract is at issue and the evidence is disputed, the question should be resolved by the jury." Ozark Milling Co., Inc. v. Allied Mills, Inc., *supra*, 480 F.2d at 1015 n. 1. The existence and terms of an oral lease agreement depend in this case upon the testimony of the parties to the alleged agreement. The appellant may not be denied his chance to test the credibility of that testimony ·before the proper triers of the fact. A genuine issue of a material fact is present in this case, precluding summary judgment.

Reversed and remanded.