Emmet WINDSOR, Appellant,

v.

BETHESDA GENERAL HOSPITAL and Servicemaster Hospital Corporation, Appellees.

No. 74–1980.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1975.

Decided Sept. 30, 1975.

David A. Lang, St. Louis, Mo., for appellant.

Stanley H. Chorlins, Clayton, Mo., for appellee, Bethesda General Hospital.

Gerald D. Skoning, Chicago, Ill., for appellee, Servicemaster Hospital Corp.

Before LAY, ROSS and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

Emmet Windsor filed a complaint in the United States District Court for the Eastern District of Missouri alleging that the defendants, Bethesda General Hospital (Bethesda) and Servicemaster Hospital Corporation (Servicemaster), by whom he had been employed and supervised, respectively, had discriminated against him on account of his race and color, in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. The District Court granted defendants' motion to dismiss, holding that (1) the Title VII claim was concededly time barred[1] and (2) no claim had been alleged under 42 U.S.C. § 1981.[2] Because we conclude that a claim was alleged under 42 U.S.C. § 1981, we reverse and remand.

Taking plaintiff's well-pleaded facts as true, the following facts emerge as the basis of Windsor's § 1981 claim:

Windsor began working in the housekeeping department of Bethesda in 1970. His work was supervised by Servicemaster pursuant to a contract for janitorial and maintenance services existing between Servicemaster and Bethesda.

After a year's satisfactory service, Windsor was asked to take on a second job at another hospital, also under the supervision of Servicemaster. He did so, but was terminated from the second job after working for about one month. Windsor then filed a complaint with the Missouri Commission on Human Rights asserting that his discharge was on account of his race.

Thereafter, Windsor began to have difficulties with his supervisors at Bethesda, one of whom had overseen his work at the other hospital. He received verbal and written reprimands for poor quality work and for excess absenteeism, and was ultimately dismissed from his job for these reasons. Windsor was denied eligibility for unemployment compensation by Bethesda for several months following his discharge.

Shortly before he was terminated at Bethesda, Windsor, believing that the problems he was having with his supervisors were the result of unlawful racial discrimination, filed a second complaint with the Missouri Commission on Human Rights. This charge was forwarded to the Equal Employment Opportunity Commission, which found probable cause to believe that unlawful discrimination had occurred, but was unable to effect an acceptable conciliation agreement. Following receipt of a "right to sue" let-

---

1. At oral argument before the District Court, Windsor conceded that the action for violation of Title VII was not timely in that it had not been filed within the time period prescribed by statute. See 42 U.S.C. § 2000e–5(e). Windsor does not contest this holding.

2. Defendants filed a motion to dismiss and for summary judgment. Although affidavits, exhibits, and a deposition on file were advanced and briefed by the parties, and apparently considered by the District Court, it would appear from the language of the order and the absence of a judgment that the District Court acted on the basis of a motion to dismiss. We reach the same result upon this record if we consider the action taken by the District Court to have been in the nature of summary judgment.

ter, Windsor filed this action in the District Court. *See* 42 U.S.C. § 2000e–5(f).

■ In a civil rights action, pleadings are to be liberally construed. *Cody v. Union Electric,* 518 F.2d 978, 979 (8th Cir. 1975); *Cruz v. Cardwell,* 486 F.2d 550, 551–52 (8th Cir. 1973); *Escalera v. New York City Housing Authority,* 425 F.2d 853, 857 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970); *Holmes v. New York City Housing Authority,* 398 F.2d 262, 265 (2d Cir. 1968); *Barnes v. Merritt,* 376 F.2d 8, 11 (5th Cir. 1967). Only where the plaintiff could prove no state of facts which could entitle him to relief is a district court warranted in granting a motion to dismiss. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Lewis v. Chrysler Motors Corp.,* 456 F.2d 605, 607 (8th Cir. 1972); *Springfield Television, Inc. v. City of Springfield,* 428 F.2d 1375, 1381 (8th Cir. 1970); *Great Atlantic & Pacific Tea Co. v. Amalgamated Meatcutters and Butcher Workmen, Local No. 88,* 410 F.2d 650, 652 (8th Cir. 1969).

■■ In the case before us, plaintiff has set forth a valid cause of action under 42 U.S.C. § 1981,[3] which we have held applicable to private actions for employment discrimination based upon race.

*Brady v. Bristol-Meyers, Inc.,* 459 F.2d 621, 622–23 (8th Cir. 1972); *see Carter v. Gallagher,* 452 F.2d 315, 325–26, 327–28 (8th Cir.), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2045, 32 L.Ed.2d 338 (1972). In paragraphs 6 and 7 of his complaint, Windsor alleges (1) that defendants have enforced work rules and regulations unequally among black and white employees, (2) that he was discharged, in part, for being absent from work while white employees with similar or identical attendance records received only written warnings or a "second chance", and (3) that Bethesda refused to qualify him for eligibility for unemployment insurance, while white dischargees in similar situations were qualified for such benefits. Buttressed by factual allegations elsewhere in the complaint, each of these allegations is sufficient to withstand a motion to dismiss. *Compare Forester v. California Adult Authority,* 510 F.2d 58, 61 (8th Cir. 1975); *Ellingburg v. King,* 490 F.2d 1270, 1271 (8th Cir. 1974).

■ Because the District Court may have intended its order to be a grant of summary judgment under Fed.R.Civ.P. 12(c) or 56,[4] we have examined the record to determine whether the applicable portions thereof could demonstrate the absence of a genuine issue remaining for trial.[5] In order to meet this burden,

---

**3.** 42 U.S.C. § 1981 provides:

Equal rights under the law

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**4.** *See* note 2, *supra.*

**5.** "Summary judgment is an extreme remedy, one which is not to be entered unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Ozark Milling Co. v. Allied Mills, Inc.,* 480 F.2d 1014, 1015 (8th Cir. 1973). Accord, *Saal v. Mielke,* 492 F.2d 1184, 1185–86

(8th Cir. 1974); *Rotermund v. United States Steel Corp.,* 474 F.2d 1139, 1143–44 (8th Cir. 1973); *Luick v. Grayhar Electric Co.,* 473 F.2d 1360, 1362–63 (8th Cir. 1973); *Cervantes v. Time, Inc.,* 464 F.2d 986, 993 (8th Cir. 1972), *cert. denied,* 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973); *Giordano v. Lee,* 434 F.2d 1227, 1230–31 (8th Cir. 1970), *cert. denied,* 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971). In *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962), the Supreme Court set forth the standard that should be applied when one party to a lawsuit in federal court makes a motion for a summary judgment:

Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case 'show that [except as to the amount of damages] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c), Fed.Rules Civ.Proc. This rule authorizes

defendants would have had to demonstrate conclusively that Windsor was not discriminated against because of his race. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The defendants sought to limit this burden by demonstrating through the plaintiff's own deposition that his § 1981 action was based entirely upon a claim of retaliation[6] and that all other claims had been abandoned. The District Court accepted this assessment of the record, stating:

> The language of § 1981 is quite clear that actions based upon retaliatory practices do not come within the limits of the statute. *Tramble v. Converters Ink Company*, 343 F.Supp. 1350, 1354 (N.D.Ill., 1972).

We do not reach the question of whether retaliation by employment discrimination is embraced within § 1981, because retaliation was but one form of discrimination alleged in the complaint. We do not find in plaintiff's deposition any basis for concluding that allegations of unequal enforcement of rules, disparate firing practices, and disparate handling of unemployment insurance were not genuine issues for trial.

■ Assuming, without deciding, that a plaintiff can be shown by his deposition to have abandoned a portion of his cause of action, we find no positive evidence of abandonment here. Windsor did state several times during his deposition that he felt he had lost his job at Bethesda in retaliation for the complaint he filed at the other hospital, Incarnate Word Hospital. Viewing his testimony as a whole, however, a reasonable man could interpret Windsor's remarks as meaning that the racial discrimination which was initiated at Incarnate Word continued at Bethesda when his former supervisor was transferred there. When reviewing the entry of summary judgment, we must resolve all inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Applying this standard, we cannot say that Windsor had abandoned the well-pleaded allegations of racial discrimination in his complaint. *See Longo v. Pittsburgh & L. E. R. R.*, 355 F.2d 443, 444–45 (3d Cir. 1966); *Zirin Laboratories International, Inc. v. Mead-Johnson & Co.*, 208 F.Supp. 633, 634–35 (E.D.Mich.1962). Since genuine issues remain for trial, the motion, viewed as one for summary judgment, must likewise be denied. *See* 6 J. Moore, Federal Practice ¶ 56.11[4], at 2194 (2d ed. 1974).

In summary, we hold that the plaintiff has alleged claims for relief under 42 U.S.C. § 1981 which have not been abandoned and that dismissal was prematurely and improvidently ordered.[7] The order of dismissal is vacated and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

---

summary judgment 'only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.' *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627 [64 S.Ct. 724, 728, 88 L.Ed. 967] (1944).

**6.** Paragraph 6(c) of the complaint alleges:

The defendants have taken to reprisals against the plaintiff when he protested the discriminatory treatment. Such reprisals came in the form of the harassment, threats, and the unequal enforcement of rules, regulations, and policies. The end result of which was to facilitate the dismissal of plaintiff from employment with the defendants.

**7.** *See* note 2, *supra*.