456 F.Supp. 874 (1978)
William E. GOODMAN et al., Plaintiffs,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 77-1046C(1).
United States District Court, E. D. Missouri, E. D.
August 25, 1978.
*875 Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., Guy B. Arthur, Dept. of Justice, Washington, D. C., for plaintiffs.
Dennis C. Donnelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of plaintiffs for partial summary judgment and on the motion of defendant to dismiss. For the reasons stated below, plaintiffs' motion will be denied and defendant's motion sustained.
This is an action by former veterans of the United States Armed Forces against their employer, defendant McDonnell Douglas. Each plaintiff left permanent employment with defendant to enter active duty with the armed services. Each plaintiff was honorably discharged and thereafter made application for reemployment with defendant. With the exception of plaintiff Ron Endy, each plaintiff was reinstated prior to January 1, 1972.
However, each plaintiff complains that defendant violated the Veterans Reemployment Rights Act, 38 U.S.C. § 2021, et seq., by denying them immediate placement upon their return in a higher grade of job classification.
Defendant contends that all employees were treated equally and that upgrading was the result of a two-step process involving managerial discretion. Plaintiffs allege upgrading was automatic.
Whether the upgrading was automatic or discretionary presents a crucial issue of material fact and, therefore, bars summary judgment. Rule 56, F.R.C.P. 28 U.S.C.; Ozark Milling Company v. Allied Mills, Inc., 480 F.2d 1014, 1015 (8th Cir. 1973). Therefore, plaintiffs' motion will be denied.
*876 Defendant contends this action should be dismissed under the doctrine of laches. The Court agrees.[1]
Two elements must be satisfied in order to dismiss an action on the defense of laches. The defendant must show inexcusable delay and resulting prejudice. Both are present in this case.
Throughout the 1960's the Department of Labor impliedly approved defendant's policy exercised with respect to veterans. In 1972 the defendant changed its policy. It is clear that no damages could accrue after that date. However, none of the plaintiffs filed suit until September 29, 1977.
It is clear that a returning veteran must promptly assert his rights under the Act. Cruca v. United States Steel Corporation, 495 F.2d 1252, 1259 (3d Cir. 1974). The fact that the government was in limbo with respect to its position on defendant's policy does not excuse the plaintiffs' delay. Id.
Although laches is a flexible concept which is shaped by the needs of equity, courts commonly apply an analogous state statute of limitations in determining what is a reasonable period of time. Ruffing v. United Steel Corporation, 76 L.C. ¶ 10,857 (E.D.Pa.1975). The analogous statute of limitations in Missouri for contract actions is five years. Sec. 516.120, R.S.Mo. Since defendant changed its upgrading policy in the new collective bargaining agreement entered in 1972, it is undisputed that no injury could have occurred after May 15, 1972. Assuming, arguendo, that 1972 is the focal date, plaintiffs still did not file within five years. This is clearly inexcusable delay.
Furthermore, defendant would be unreasonably prejudiced by this action. At some point the defendant has the right to expect that stale claims will be barred by laches. Ruffing v. United Steel Corporation, 76 L.C. ¶ 10,857, pp. 18, 878.
There is little doubt that certain relevant witnesses and relevant records would not be available. Those witnesses who are available would have a memory eroded by time. Finally, to require McDonnell Douglas to defend this action would result in just the prejudice laches is intended to prevent. It is this Court's opinion that plaintiffs' complaint should be dismissed for failure to bring this action within a reasonable time under the Act. Burke v. Gateway Clipper, Inc., 441 F.2d 946, 949 (3d Cir. 1971).
Accordingly, defendant's motion to dismiss will be granted and plaintiffs' complaint will be dismissed with prejudice.
NOTES
[1] It should be noted that actions under the Act are equitable in nature. 38 U.S.C. § 2021, Leonick v. Jones & Laughlin Steel Corp., 258 F.2d 48 (2d Cir. 1958).