Jason **FILBERN**, Plaintiff,

v.

**HABITAT FOR HUMANITY, INC.**, Defendant.

No. 99–0324–CV–W–SOW.

United States District Court,
W.D. Missouri,
Western Division.

July 9, 1999.

**834**

Michael R. Fletcher, Sanders, Simpson, Fletcher & Smith, Kansas City, MO, for plaintiff.

Nicholas L. DiVita, David Marcus, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, Kansas City, MO, for defendant.

## *ORDER*

SCOTT O. WRIGHT, Senior District Judge.

Before this Court is the defendant's Motion to Dismiss (Doc. # 8). For the reasons discussed below, the Motion is denied.

### I. *Background*

Plaintiff filed his Complaint on March 26, 1999. He alleges discriminatory employment policies and practices in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981.

### II. *Standard*

The defendant has moved to have the case dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows a party to move for a dismissal based upon failure to state a claim upon which relief can be granted. Dismissal under the rule "is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When considering a motion to dismiss, an assumption must be made that all the facts alleged in the complaint are true and a dismissal may be granted "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir.1993) (citation omitted).

### III. *Discussion*

Defendant's Motion to Dismiss raises three issues. First, whether the plaintiff must specifically plead the existence of a contract between the plaintiff and the defendant. Second, whether an at-will employee may bring an action under 42 U.S.C. § 1981 in the Western District of Missouri. Third, whether this Court should certify its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## A. The Pleadings Requirement

The defendant argues that the plaintiff's failure to specifically allege a contractual relationship between the plaintiff and Habitat for Humanity (HFH) is a "fatal flaw" which must result in dismissal of the claim. Under the Federal Rules of Civil Procedure "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed.R.Civ.Pro. 8(a)(2). The pleadings must merely provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99. Furthermore, "[i]n a civil rights action, pleadings are to be liberally construed." *Windsor v. Bethesda General Hospital*, 523 F.2d 891, 893 (8th Cir.1975) (citation omitted).

In the present case, the plaintiff's complaint alleges claims arising from the "terms and conditions" of his employment with HFH. Under the above rules of "notice pleading," such terminology should be sufficient to place the defendant on notice of plaintiff's allegations regarding a contractual relationship between the plaintiff and HFH.

## B. Plaintiff's Claim Under 42 U.S.C. § 1981

The defendant argues that a § 1981 claim requires a contractual relationship between the parties and, under Missouri law, an "at-will" employee has no contractual relationship with his employer. Thus, the plaintiff's claim fails as a matter of law. The plaintiff argues that an at-will employment relationship is sufficiently contractual to bring a claim under § 1981.

Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C. § 1981(a). Since Congress amended the Act as part of the Civil Rights Act of 1991, the phrase "make and enforce contracts" has included "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Thus, section 1981 "prohibits purposeful racial discrimination in almost every aspect of contract." *LaRocca v. Precision Motorcars, Inc.*, 45 F.Supp.2d 762, 773 (D.Neb.1999).

"Under established Missouri law, unless there is a contract which provides for either a term of employment or limits the reasons for which an employee may be discharged, the employee is considered an 'at-will' employee and may be discharged from employment without cause or reason." *Jones v. Becker Group of O'Fallon Division*, 38 F.Supp.2d 793, 796 (E.D.Mo. 1999) (citation omitted). However, contrary to the conclusion reached by the Eastern District of Missouri, "[i]t does not necessarily follow ... that the employment-at-will relationship is not a contractual one for the purposes of § 1981." *Fadeyi v. Planned Parenthood of Lubbock, Inc.*, 160 F.3d 1048, 1049 (5th Cir.1998).

The 1991 amendment to § 1981 was clearly an effort to broaden the scope of the act to cover racial discrimination in employment relationships and not to restrict its application to only written contracts. *See Id.* at 1050. Indeed, "[w]e have seen no indication that, when drafting the original § 1981 or the amending 1991 Act, Congress intended the term 'contract' to have any meaning other than its ordinary one." *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir.1999), citing *Lane v. Ogden Entertainment, Inc.*, 13 F.Supp.2d 1261, 1272 (M.D.Ala.1998) (" 'Contract' is used in § 1981 in its basic legal meaning, not a specialized labor law meaning."). Certainly an "at-will employee would be able to file a breach of contract claim if, for example, he was not paid the correct amount." *Lane*, 13 F.Supp.2d at 1272. Thus, an employee who may be fired at the will of his employer may nev-

ertheless have a contract, under the ordinary meaning of the term, sufficient to bring a claim under 42 U.S.C. § 1981.

### C. *Defendant's Request for Interlocutory Appeal*

 In the event his motion to dismiss fails, the defendant requests that the Court's order be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The defendant argues that interlocutory appeal is appropriate in this case because the issue presented involves a controlling question of law, there is a substantial ground for differences of opinion on the issue, and immediate appeal would materially advance the ultimate termination of the litigation.

Under § 1292(b) the Court may, in its discretion, certify an order for interlocutory appeal. "Section 1292(b) is designed to allow for sparing exceptions to the final judgment rule when interlocutory appeal can minimize 'the total burdens of litigation on the parties and the judicial system.'" *TCF Banking and Savings, F.A. v. Arthur Young & Company,* 697 F.Supp. 362, 366, citing 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure,* § 3930. Because, in a motion to dismiss, the Court must assume that all of the facts alleged in the complaint are true, the Court does not believe that interlocutory appeal would materially advance the ultimate termination of the litigation at this time.

### IV. *Conclusion*

Accordingly, it is hereby

ORDERED that defendant's Motion to Dismiss (Doc. # 8) is denied.