# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2569

_____

Deborah Denise Skinner,         *
                                     *

          Appellant,         *

                                     *    Appeal from the United States

      v.                              *    District Court for the

                                     *    Eastern District of Missouri.

Maritz, Inc.,                     *

                                     *

          Appellee.          *

_____

Submitted: February 12, 2001
Filed: June 12, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

BOWMAN, Circuit Judge.

Deborah Skinner, an African-American woman, was an at-will employee of Maritz, Inc., for nineteen years. In 1997, Maritz terminated Skinner's employment for unsatisfactory performance. Skinner sued under 42 U.S.C. § 1981 (1994), claiming that Maritz discriminated against her and ultimately terminated her employment on the basis of her gender and race. The District Court granted Maritz summary judgment after concluding that at-will employees do not have sufficient contractual rights under Missouri law to sustain a § 1981 claim. We disagree and hold that Skinner's

employment relationship with Maritz was contractual and thus was encompassed under § 1981.

## I.

Skinner worked in various capacities for Maritz from May 1978 to August 1997. On August 15, 1997, Maritz, citing Skinner's "unsatisfactory performance," terminated her employment. On April 5, 1999, Skinner filed a § 1981 claim against Maritz that alleged she was discriminated against because of her race and gender. Specifically, Skinner alleged that Maritz condoned racial slurs in the workplace, demanded that she not communicate with other minority employees, refused to pay her for overtime, allowed a hostile work environment, and retaliated against her for her previous race-discrimination complaints.

The District Court granted Maritz's summary judgment motion, holding that Skinner's § 1981 claim failed as a matter of law. The court concluded that "[u]nder Missouri law 'at will' employees do not have contractual rights enforceable in the event of termination." Skinner v. Maritz, Inc., No. 4:99CV156, at 6 (E.D. Mo. May 19, 2000) (order granting summary judgment). Because at-will employment agreements are not "contractual," the court held, Skinner did not have a "contract" as required by § 1981 and she therefore failed to state a cause of action.

We review a district court's grant of summary judgment de novo and apply the same standards as the district court. Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1331 (8th Cir. 1996). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).

II.

The parties agree that Skinner did not have a written employment contract with Maritz and was an at-will employee under Missouri law. Employers may discharge at-will employees without cause and without incurring liability for wrongful discharge unless the employee falls within a statutory provision that provides to the contrary. See Panther v. Mr. Good-Rents, Inc., 817 S.W.2d 1, 3 (Mo. Ct. App. 1991). The sole issue here, then, is whether an at-will employee, employed without a written contract in an agreement terminable at will by either party, has a "contract" within the meaning of § 1981.

Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In 1989, the Supreme Court interpreted the "make and enforce" language of § 1981 narrowly, construing the section to prohibit only discriminatory conduct at the "making" of the contract and not covering discrimination after the contract's inception. Patterson v. McLean Credit Union, 491 U.S. 164, 176-77 (1989). In response to Patterson, Congress amended § 1981 through the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. The Act broadened, inter alia, the phrase "make and enforce contracts": "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b) (1994) (emphasis added). Section 1981, as amended, now clearly prohibits racially discriminatory conduct that occurs from the inception through the end of a contract.

Skinner argues on appeal that at-will employees have "contracts" under Missouri law sufficient to maintain a § 1981 claim. Maritz counterargues that Missouri law clearly provides that at-will employees do not have any contractual rights, and that

Skinner, therefore, cannot maintain a § 1981 claim premised upon a contract. Both parties agree that Skinner's authority to maintain her claim turns on the meaning of the word "contract" as used in § 1981.

This is an issue of first impression in this Circuit. The district courts in this Circuit that have addressed the issue disagree on the result. Compare Nofles v. State Farm Mut. Auto Ins. Co., 101 F. Supp. 2d 805, 820 (E.D. Mo. 2000) (holding at-will employment not contractual under Missouri law and, therefore, plaintiff cannot maintain § 1981 claim), and Jones v. Becker Group of O'Fallon Div., 38 F. Supp. 2d 793, 796-97 (E.D. Mo. 1999) (same), with Foster v. BJC Health Sys., 121 F. Supp. 2d 1280, 1288-89 (E.D. Mo. 2000) (holding that at-will employee may state claim under § 1981), Filbern v. Habitat for Humanity, 57 F. Supp. 2d 833, 835-36 (W.D. Mo. 1999) (same), and LaRocca v. Precision Motorcars, Inc., 45 F. Supp. 2d 762, 774-77 (D. Neb. 1999) (same).

Each federal court of appeals that has explicitly decided the issue has held, however, that an at-will employee may maintain a claim under § 1981 for racially discriminatory employment practices. See Lauture v. Int'l Bus. Machs. Corp., 216 F.3d 258, 261-62 (2d Cir. 2000) (holding that at-will employee may state § 1981 claim); Perry v. Woodward, 199 F.3d 1126, 1133 (10th Cir. 1999) (same), cert. denied, 529 U.S. 1110 (2000); Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018-19 (4th Cir. 1999) (same); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc., 160 F.3d 1048, 1051-52 (5th Cir. 1998) (same). But see Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1034-35 (7th Cir. 1998) (expressing doubt, in dicta, that at-will employees may state § 1981 claims).

The parties agree that the federal courts must look to the state-law definition of "contract" in adjudicating § 1981 claims. Under Missouri law, we find that Skinner's at-will employment agreement with Maritz had all the essential elements of a valid contract: offer, acceptance, and bargained-for consideration. See Johnson v.

McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1998). Maritz offered, either implicitly or explicitly, to pay Skinner for performance of services. Skinner accepted that offer by performance; she worked for Maritz for nineteen years and Maritz presumably paid her in regular intervals for the work that she had completed since the previous pay period. Skinner's performance of services for Maritz served as consideration for Maritz's promise to pay her for her services. Likewise, Maritz's promise to pay Skinner for work completed served as adequate consideration for her performance of her job. The agreement between Skinner and Maritz served both parties for nineteen years, and—while not in writing—embodied the essential components of a valid contract. So long as both parties fulfilled their respective duties and neither party terminated the agreement, as either party was legally free to do without cause, Skinner and Maritz shared a contractual relationship.[1]

Maritz cites a multitude of cases for the proposition that at-will employment relationships are not contractual under Missouri law. See, e.g., Luethans v. Washington Univ., 894 S.W.2d 169 (Mo. 1995) (en banc); Johnson, 745 S.W.2d at

---

[1]Aside from the fact that Skinner's agreement with Maritz contains all the requirements of a contract, the legislative history of § 1981 underscores Congress's intent to include at-will employees; to do otherwise would open a gateway for employers to harbor a community of employees to which the federal employment discrimination laws could not apply. Persons employed under an at-will agreement by companies with fifteen or less employees would be outside the protections of both Title VII, see 42 U.S.C. § 2000e(b), and § 1981 and, accordingly, without a federal right or remedy for race discrimination in the workplace. See H.R. Rep. No. 102-40(II), at 2 (1991) ("By restoring the broad scope of Section 1981, Congress will ensure that all Americans may not be harassed, fired or otherwise discriminated against in contracts because of their race."); S. Rep. No. 101-315, at 14 (1990) ("The Committee finds that there is a compelling need for legislation to overrule the Patterson decision and ensure that federal law prohibits all race discrimination in contracts."). Failing to encompass at-will employees under the statute runs contrary to Congress's intent in amending § 1981, which was to provide a vehicle for every employee to remedy racial discrimination in the workplace. See, e.g., Fadeyi, 160 F.3d at 1052.

661; <u>Brown v. Mo. Pacific R.R. Co.</u>, 720 S.W.2d 357 (Mo. 1986), <u>cert. denied</u>, 481 U.S. 1049 (1987); <u>McCoy v. Spelman Mem'l Hosp.</u>, 845 S.W.2d 727 (Mo. Ct. App. 1993); <u>Morsinkhoff v. De Luxe Laundry & Dry Cleaning Co.</u>, 344 S.W.2d 639 (Mo. Ct. App. 1961). We find these cases inapposite. The great majority of at-will employment cases in Missouri are wrongful-discharge claims that involve employees attempting to expand their at-will status to require that the employer provide "cause" for the employee's discharge. These cases hold that because at-will employees may be discharged at any time without cause, they cannot successfully sue to vindicate a contractual right that they do not have. None of the Missouri cases goes as far as Maritz suggests they all do—that an at-will employee never had, and never could have, a contract at all. Here, Skinner does not need to show that she could sue Maritz under Missouri state law for breach of contract or wrongful discharge. She only needs to show the existence of a contract, which she has done by showing her at-will employment relationship with Maritz.[2] <u>See</u> <u>Main v. Skaggs Cmty. Hosp.</u>, 812 S.W.2d 185, 189 (Mo. Ct. App. 1991) ("We therefore hold that under the <u>contract</u> here, plaintiff was an <u>employee at will</u>.") (emphasis added).

Maritz emphasizes the Missouri Supreme Court's statement in <u>Luethans</u> that "[a]n essential element to an employment contract is a statement of duration" and contends that it is fatal to Skinner's § 1981 claim. 894 S.W.2d at 172. We disagree. The district court in <u>Foster</u> correctly noted that much of the confusion about whether Missouri at-will employment relationships are based in contract flows from the state courts' imprecise use of shorthand to differentiate between at-will employees and employees who may be discharged only "for cause." <u>See</u> 121 F. Supp. 2d at 1288-89. We understand the court in <u>Luethans</u> to have held not that every Missouri employment

---

[2] Despite the District Court's conclusion to the contrary, § 1981 does not require an employee to have an exercisable "contractual right" to sue her employer under state law once the employee is discharged. <u>Patterson</u> rejected the notion that § 1981 requires a plaintiff to have an independent contractual right to sue under state law. <u>See</u> 491 U.S. at 182. Section 1981 only requires that the employee have a "contract."

agreement that fails to include a statement of duration is not a contract, but rather that an employee must have a statement of duration embodied in his or her employment contract in order to maintain a state-law claim for breach of the contractually expressed term of duration. The Missouri courts, in <u>Luethans</u> and elsewhere, merely have limited the circumstances wherein an employee may sue an employer for wrongful termination of an employment contract. The Missouri courts thereby have been faithful to the at-will doctrine, which posits that in an at-will employment relationship either party may end the relationship at any time without any need to show cause. This cannot be taken to mean that at-will employees are bereft of any and all contractual rights, <u>e.g.</u>, the right to treat the employer's failure to pay for work done by the employee prior to termination of the employment relationship as a breach of contract.

III.

Under Missouri law, an employer may discharge an at-will employee for any reason or no reason, but the employer may not violate § 1981 by discharging an at-will employee for a racially discriminatory reason.[3] We reverse the judgment of the District Court and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]In addition to Skinner's discharge claim, her claim of racially discriminatory conduct that occurred during her employment is also encompassed by § 1981.