# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3148

_____

| | | |
|---|---|---|
| Barbara Eldridge; Betty Littleton; | * | |
| Sharon Luckett; Dorothy Cooper; | * | |
| Naomi Eldridge; Ruthie Wade; | * | |
| Sarah Fox; Eddie Mae Scott; | * | |
| Essie Williams; Jeannette Winfield, | * | |
| for themselves and all others | * | Appeal from the United States |
| similarly situated, | * | District Court for the |
| | * | Western District of Missouri. |
| Appellants, | * | |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| John Knox Village, A Missouri | * | |
| Corporation, | * | |
| | * | |
| Appellee. | | |

_____

Submitted: November 15, 2001

Filed: December 5, 2001

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
NANGLE,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

The pivotal issue in this appeal is whether under Missouri law at-will employees have a contractual relationship with their employers for purposes of suit under 42 U.S.C. § 1981. The district court determined they do not and dismissed plaintiffs' § 1981 claims. During the pendency of the appeal, this Court ruled on this issue in Skinner v. Maritz, Inc., 253 F.3d 337 (8th Cir. 2001). In Skinner, we held that under Missouri law the relationship between at-will employees and their employers is contractual and, accordingly, that such employees may maintain § 1981 actions against their employers. On the basis of Skinner, the order of the district court is reversed and the case is remanded for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-