**A.R., Plaintiff,**

v.

**Dr. Jose KOGAN, et al., Defendants.**

**No. 97 C 1393.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 29, 1997.

---

1. Defendant has not contested plaintiff's affidavit indicating that the error was advertent.

Jeffrey M. Marks, Chicago, IL, James C. Siebert, Des Plaines, IL, for Plaintiff.

Paul E. Starkman and Suzanne M. Dunn of Arnstein & Lehr, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Dr. Jose Kogan and North Suburban Clinic, Ltd. ("Clinic") have filed a motion to dismiss a two-count action brought against them by A.R., in which Complaint Count I is grounded both in the Americans with Disabilities Act of 1990 ("ADA") and in the federal Rehabilitation Act, while Count II asserts a state-law claim for intentional infliction of emotional distress. For the reasons briefly stated here, the Kogan–Clinic motion to dismiss Count I is granted in part and denied in part, while their motion to dismiss Count II is denied.

### Dr. Kogan's Individual Liability Under ADA

Dr. Kogan and Clinic rightfully point to some cases that reject individual liability under ADA. But the difficulty with their contention in pleading terms is that the favorable reading that this Court must give to the Complaint's allegations (see *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)) precludes any determination at this threshold stage that A.R. would be unable to prove facts that would establish such individual liability under the cases that A.R.'s counsel has cited in response. Hence the effort to extricate Dr. Kogan from the Count I claim is denied.

*Count I's ADA Damages Claim*

[2] Count I, although it correctly points to ADA's prohibition against any discrimination of the type alleged in the Complaint on the basis of disability (and A.R. qualifies on the latter score, because it was her HIV-positive testing that led to the denial of services by Dr. Kogan and Clinic), is framed solely in terms of relief by way of an award of damages. In support of that claim, A.R.'s counsel has identified just one contested federal decision in which such damages were awarded (*Howe v. Hull*, 873 F.Supp. 72, 74 (N.D.Ohio 1994)). But a close reading of *Howe* discloses that the jury awarded damages to the plaintiff there only under statutes (including the Rehabilitation Act) *other than ADA*, while the sole relief that was provided under ADA (via a simultaneous bench trial) was injunctive (*id.* at 79).[1]

ADA itself really rejects that possibility of a damages award in unambiguous terms. A.R.'s claim is expressly based upon the ADA antidiscrimination provision in 42 U.S.C. § 12182(a), which deals with services provided by "public accommodations" (including the professional offices of health care providers such as Dr. Kogan and Clinic) (Complaint ¶ 14). In that respect the only type of enforcement that Congress has made available to a private plaintiff (*id.* § 12188(a)(i))—as contrasted with the relief available in a suit by the Attorney General—is specifically limited to the remedies and procedures prescribed in 42 U.S.C. § 2000a–3. And in turn *that* statute (which was originally enacted as part of the public accommodation provisions of the Civil Rights Act of 1964) is specifically limited to providing injunctive relief and *not* damages (*Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966–67, 19 L.Ed.2d 1263 (1968) (per curiam)). Defense counsel have identified *Howard v. Cherry Hills Cutters, Inc.*, 935 F.Supp. 1148, 1149 (D.Colo.1996) as so

holding, and this Court's independent research has located no authorities to the contrary.[2]

It is well known that the Supreme Court takes an increasingly dim view of implied private causes of action when Congress has not seen fit to create one. And in this instance, where it is not simply a matter of congressional silence on the subject but rather one of having to override a congressional specification that limits relief to injunctions and does not provide for any award of damages, this Court sees no room for upholding A.R.'s invocation of the ADA to that end. Accordingly the reference to ADA is stricken from Count I.

*Rehabilitation Act Claim*

■ By contrast, our Court of Appeals has dealt recently with the potential for a Rehabilitation Act claim of the type sought to be advanced by A.R. here. In so doing, *Grzan v. Charter Hosp. of N.W. Ind.*, 104 F.3d 116, 119 (7th Cir.1997) quoted earlier case law from other Circuits as to the four elements that a plaintiff must assert to state such a claim:

> (1) that [she] is a "handicapped individual" under the Act, (2) that [she] is "otherwise qualified" for the [benefit] sought, (3) that [she] was [discriminated against] solely by reason of [her] handicap, and (4) that the program or activity in question receives federal financial assistance.

And *Grzan, id.* at 120–21 then went on to focus on the second of those elements in a way that Dr. Kogan and Clinic attempt to emphasize by urging that A.R. was not "otherwise qualified" for the benefit (in this instance medical treatment) that she sought.

That however impermissibly oversimplifies A.R.'s claim. What she alleges is that she presented herself to Dr. Kogan and Clinic for the treatment of medical conditions that, at

1. Although A.R.'s counsel also cites to an appellate court decision from Minnesota for the same proposition (*State v. Clausen*, 491 N.W.2d 662 (Minn.App.1992)), this Court's review of that decision has disclosed that it was *not* rendered under the federal ADA but under a Minnesota statute. That decision obviously provides no support for A.R.'s position here.

2. Indeed, although the case may not be cited as authority under the First Circuit local rule, it is worth noting that an unpublished per curiam decision by that court (*Hasan v. Red & White Cab Co.*, 43 F.3d 1456 (1st Cir.1995) (reported only in table)) has announced the same conclusion as just stated in the text.

least with reasonable inferences in favor of A.R.'s allegations, could have been suffered by persons who were not—as well as by persons who were—HIV positive. According to the Complaint, it was when Dr. Kogan then learned through testing that A.R. was HIV positive that he refused to treat her. For aught that appears, then, A.R. (concededly a "handicapped individual") was discriminatorily denied medical treatment that she was "otherwise qualified" to receive, and that denial of treatment was solely attributable to her handicap.

Accordingly the portion of Count I that relies on the Rehabilitation Act survives at this threshold stage of the action. It remains to be seen, of course, whether that will continue to be the case when the facts are more fully fleshed out.

*Intentional Infliction of Emotional Distress*

■ This Court is well acquainted with the stringent requirements that Illinois law has established for the type of action that A.R. asserts in Count II. But given the sensitive nature of her claim, it cannot be said as a matter of law that she would be unable to prove facts consistent with her present allegations that would meet those standards. Accordingly the motion to dismiss Count II is denied.

*Conclusion*

Count I survives the Kogan–Clinic motion to dismiss to the extent that A.R.'s claim in that count is based on the Rehabilitation Act, but not on ADA. Count II also survives. Dr. Kogan and Clinic are ordered to file their answer to the Complaint on or before June 18, 1997.