Eli **BLUMENTHAL,** Plaintiff,

v.

George **MURRAY,** individually and as the former Chief of Police for the Chicago Housing Authority Police Department, **Sharon Cruse–Boyd,** individually and as Director of Human Resources for the Chicago Housing Authority, and the Chicago Housing Authority, Defendants.

No. 97 C 5267.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 11, 1998.

Martin A. Blumenthal, Attorney, Chicago, IL, for Plaintiff.

Timothy M. McCarthy, James Leo McKnight, Nancy Rundin Daugherty, Jerome G. McSherry & Associates, Joan T. Agnew, Kathleen P. Lightfoot, Yolande M. Bourgeois, Chicago Housing Authority, Candice Bowen, Chicago Housing Authority, Chicago, IL, for Defendents.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Eli Blumenthal, has filed a four count complaint against his former employer, the Chicago Housing Authority ("CHA"), George Murray ("Murray"), former Chief of Police of the CHA's Police Department, and Sharon Cruse–Boyd ("Cruz–Boyd"), Director of Human Resources for the CHA. In Count I, plaintiff alleges violations of Title VII for discrimination on the basis of race and for retaliation against Blumenthal for complaints made to the United States Department of Housing and Urban Development ("HUD") and to the Equal Employment Opportunity Commission ("EEOC"). Count II alleges that defendants violated 42 U.S.C. § 1981 by denying Blumenthal his right to be free from racial discrimination in exercising his employment contract with the CHA. Count III alleges that defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) et. seq., by subjecting plaintiff to discrimination resulting from defendant's belief that plaintiff's heart surgery and physical condition caused him to be disabled from his job. Count IV alleges that defendants violated plaintiff's First Amendment rights under 42 U.S.C. § 1983 by retaliating against him for complaints made to the U.S. Department of Labor.

Defendants have moved to dismiss all counts under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, Murray and Cruz–Boyd's motion is granted as to Counts I and III and denied as to Counts II and IV. The CHA's motion is granted without prejudice as to Count II, III and IV and denied as to Count I.

## FACTS

Plaintiff's compliant alleges that he was employed as a supervisor with the CHA Police Department from March of 1990 after leaving a position with the Chicago Police Department. Plaintiff was assigned to the office of the General Counsel, but also reported to the Chief Operating Officer and the Chairman of the CHA. While working in the office of the General Counsel, plaintiff's performance evaluations from his supervisors, with the exception of Murray, were highly satisfactory.

In December of 1994, plaintiff suffered a myocardial infarction and underwent cardiac bypass surgery. On September 6, 1996, plaintiff commenced paid medical leave from his job. Plaintiff was subsequently terminated from the CHA.

Plaintiff's complaint alleges that when Chief of Police Murray, who is African American, began his employment at the CHA, he immediately began to harass plaintiff, who is white. This harassment took the form of attempts to downgrade plaintiff's job and responsibilities, attempts to assign plaintiff to

lesser and demeaning duties, and attempts to eliminate plaintiff's position to force plaintiff's resignation or termination. Murray additionally met with the general counsel of the CHA and accused plaintiff of non-performance and requested that plaintiff be reassigned to his supervision in a lesser role. Plaintiff contends that the harassment by Murray was based on plaintiff's race and, subsequent to the 1994 surgery, on Murray's belief that plaintiff's resulting medical condition made him disabled for the position of police supervisor.

In response to the harassment, plaintiff complained of employment discrimination to HUD and to the EEOC. Thereafter, plaintiff alleges that defendants took retaliatory actions against him in response to these complaints. These actions included threatening plaintiff with termination, threatening elimination of his position, threatening reassignment to a more demeaning position, and denial of plaintiff's medical leave.

Plaintiff additionally filed a complaint with the U.S. Department of Labor in January of 1996, contending that the CHA had not complied with mandatory provisions of the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601, et seq. The U.S. Department of Labor subsequently determined that the CHA had violated the FMLA and ordered corrective measures. Following the complaints to the Department of Labor, plaintiff contends the defendants again retaliated against him by arbitrarily denying him FMLA leave and by sending him numerous letters threatening termination.

The complaint alleges that plaintiff was terminated on or about April 22, 1996, as a result of the alleged harassment and retaliation. It also alleges that plaintiff began paid medical leave on September 9, 1996, leaving some confusion as to the actual date of termination. Plaintiff alleges that after his termination, the CHA and Cruse–Boyd continued to harass him by terminating or modifying his benefits without notice or justification, intentionally withholding information from him concerning his rights under COBRA, and refusing to pay his medical expenses.

Defendants have moved to dismiss all counts for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6). In determining whether a motion to dismiss should be granted, the court shall look only at the four corners of the complaint and not the merits of the case. *Mescall v. Burrus,* 603 F.2d 1266, 1268 (7th Cir.1979). The complaint should be construed liberally and all well pleaded facts are assumed to be true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Dismissal is proper only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts in support his claim which entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## DISCUSSION

### COUNT I

■ In Count I, plaintiff asserts that the actions of defendants were based in part on race, in violation of 42 U.S.C. § 2000e–2(a)(1) and (a)(2), and in part as retaliation for complaints made by the plaintiff to HUD and the EEOC, in violation of 42 U.S.C. § 2000e–3(a). The CHA, Murray and Cruse–Boyd seek to dismiss Count I on the basis that plaintiff has not established a prima facie case because he has not established that his job performance met the CHA's expectations and because he has not alleged that the CHA sought to replace him. Murray and Cruse–Boyd additionally seek to dismiss the claim because individuals are not liable under Title VII.

■ Title VII provides that it is unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). In addition, an employer may not "limit, segregate, or classify his employees in any way which would otherwise affect [an employee's] status as an employee, because of such individual's ... race." 42 U.S.C. § 2000e–2(a)(2). "The central question in any employment-discrimination case is whether the employer would have taken the same action had the employee been of a different race ... and everything else had remained the same." *Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 158 (7th Cir.

1996). Further, whether the plaintiff is a racial minority is of no consequence for a Title VII claim. All that is required is that the race was the motivating factor. *Perdomo v. Browner,* 67 F.3d 140, 144–145 (7th Cir.1995). The liberal standard of notice pleading, as set forth in Fed.R.Civ.P. 8(a), requires only that plaintiff plead that he was treated differently because of his race. Here, plaintiff alleges that he was terminated because he is white. That states a claim. *See Carson v. Bethlehem Steel Corp.,* 82 F.3d 157 (7th Cir.1996). Therefore, the CHA's motion to dismiss Count I is denied.

■ Title VII permits suits to be brought only against "employer[s]." 42 U.S.C. § 2000e–2(a). An employer is defined as a "person engaged in an industry affecting commerce ... who has fifteen or more employees ... and any agent of such a person ." 42 U.S.C. § 2000e(b). Congress never intended that individuals be liable under the term "employer." *EEOC v. AIC Security Investigations Ltd.,* 55 F.3d 1276, 1281 (7th Cir.1995). "The actual reason for the 'and any agent' language in the definition of 'employer' was to ensure that courts would impose respondeat superior liability upon employers for the acts of their agents." *Id.* at 1281. Therefore the CHA, as an employer entity, may be held liable under a Title VII claim for the actions of its employees, and Murray and Cruse–Boyd, as individual actors, may not. The motion to dismiss by Murray and Cruse–Boyd as to Count I is therefore granted.

### COUNT II

■ In Count II, plaintiff asserts that defendants violated his right to be free from racial discrimination in exercising his employment rights under his contract with the CHA, in violation of 42 U.S.C. § 1981, et. seq. Defendants assert that because plaintiff is an at-will employee and did not have a contract with the CHA, he is barred from asserting a section 1981 claim.

■ Section 1981 guarantees "[a]ll persons within the jurisdiction of the United States ... the same right in every State and Territory to make and *enforce contracts* ... and to the full and equal benefit of all laws ...." 42 U.S.C. § 1981(a) (emphasis added). "In order to bring a section 1981 claim there must at least be a contract." *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1034 (7th Cir.1998). Once a contract has been established, a party must next allege "proof or admission of intentional discrimination." *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583, 104 S.Ct. 2576, 2590, 81 L.Ed.2d 483 (1984).

An at-will employee is one who has a working relationship that allows either the employer or the employee to terminate the working relationship at any time. *Blacks Law Dictionary* 525 (6th ed.1990). There has yet to be a holding in the 7th Circuit as to whether an at-will employee may file a section 1981 claim. *Gonzalez,* 133 F.3d 1025, 1034–35. However, this court need not address the issue because there is no specific allegation of a contractual relationship in the complaint. The only reference to a contract within the complaint is in paragraph 30, which states:

> 30. The actions of defendants CHA, Murray and Cruse–Boyd violated Plaintiff's rights to be free of racial discrimination in exercising his employment rights under *his contract agreement* with the CHA and constituted a violation of his rights under 42 U.S.C.1981 of the Civil Rights Act of 1866 as amended. (Emphasis added.)

In using the phrase "contract agreement," plaintiff fails to specifically allege the form of the contract. Instead, plaintiff concludes that a contract existed between himself and the CHA. Plaintiff may not make a legal conclusion based on nonexistent facts. *Thacker Engineering, Inc. v. Chicago Housing Authority,* No. 87–0365, 1989 WL 84561, at *6 (N.D.Ill. July 21, 1989). Because plaintiff failed to plead facts justifying his conclusion of a contract, he fails to state a claim under section 1981. Defendant's motion to dismiss Count II is therefore granted without prejudice.

### COUNT III

■ In Count III, plaintiff alleges that defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) et seq., by discriminating against him because of his heart condition and resulting surgery. Murray and

Cruse–Boyd move to dismiss on the grounds that supervisors are not liable under the Rehabilitation Act. The CHA moves to dismiss under Fed.R.Civ.P. 12(b)(6), claiming plaintiff has not alleged any facts establishing that the CHA discriminated against him solely because of his disability.

The Rehabilitation Act of 1973, 29 U.S.C. § 794(a) states that no otherwise qualified disabled individual shall, solely because of his or her disability, be excluded from "the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal [f]inancial assistance . . . ."

▪ The Rehabilitation Act, like Title VII, applies only to employers and not individuals. *AIC,* 55 F.3d at 1279–80. Therefore, Murray and Cruse–Boyd are dismissed as to Count III.

▪ To state a claim under § 794(a) of the Rehabilitation Act of 1973, a plaintiff must allege; "(1) that [he] is a 'handicapped individual' under the Act, (2) that [he] is 'otherwise qualified' for the [position] sought, (3) that [he] was [discriminated against] solely by reason of [his] handicap, and (4) that the program or activity in question receives federal financial assistance." *A.R. v. Kogan,* 964 F.Supp. 269, 271 (N.D.Ill.1997), quoting *Grzan v. Charter Hosp. of N.W. Ind.,* 104 F.3d 116, 119 (7th Cir.1997). The CHA disputes only element number three. "[W]ithout proof that plaintiff was suspended *solely* on the basis of his handicap, plaintiff can not make out a prima facie case of handicap discrimination." *Randle v. Bentsen,* 19 F.3d 371, 375 (7th Cir.1994) quoting *Landefeld v. Marion General Hosp. Inc.,* 994 F.2d 1178, 1181 (6th Cir.1993)(emphasis added). *See also Grzan v. Charter Hosp. of N.W. Ind.,* 104 F.3d 116, 121 (7th Cir.1997)("[T]he discrimination must come from the handicap and from the handicap alone.").

In Count III, plaintiff alleges in paragraph 16, that, "[t]he conduct of Defendant Murray was at all times based on Plaintiff's race and subsequent to Plaintiff's December 1994 surgery *was also based, in part,* on Defendant Murray's perception that Plaintiff's surgery and medical condition thereafter made him disabled. . . ." (Emphasis added.) The CHA argues that, because plaintiff alleges his discrimination was due only "in part," and not solely to his disability, the motion to dismiss should be granted. It appears in paragraph 16 that plaintiff was attempting to allege that race *and* disability were the sole reasons for the harassment, but it is unclear. It is obvious that, as written, the complaint fails to allege that plaintiff's disability was the *sole* reason for his discharge and therefore fails to state a claim. Plaintiff may be able to plead race and handicap discrimination in alternative counts, only if he can do so mindful of his obligations under Fed.R.Civ.P. 11. Accordingly, the CHA's motion to dismiss Count III is granted without prejudice.

*COUNT IV*

▪ In Count IV, plaintiff alleges that defendants violated his freedom of speech (U.S. Const.Amend.1) by retaliating against him for his raising complaints to the U.S. Department of Labor for violations of Labor Department regulations and the FMLA. Defendants move to dismiss on the grounds that plaintiff did not allege that the CHA had a policy or practice which is causally linked to the underlying violation, and that facts showing the violation were not adequately pled.

▪ Persons acting under the color of state law who "subject[] or cause[] to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To satisfy a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988); *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572

(1980). With respect to local governments, plaintiff must also allege that the discriminatory actions taken by government officials fairly represent a policy or custom of the governmental entity. *Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Here, plaintiff has failed to allege that the discriminatory actions of Murray and Cruse–Boyd were taken pursuant to or constituted a policy or practice of the CHA. Absent such an allegation plaintiff may not hold the CHA liable for the discriminatory actions of its employees. Therefore, the CHA's motion is granted.

■ With respect to Murray and Cruse–Boyd, plaintiff has alleged sufficient facts to establish he was retaliated against in response to his complaints to the U.S. Department of Labor. This satisfies notice pleading. Accordingly, Murray and Cruse–Boyd's motion to dismiss Count IV is denied.

## CONCLUSION

For the reasons set forth above, Murray and Cruse–Boyd's motion to dismiss is granted as to Counts I and III and denied as to Counts II and IV. The CHA's motion is granted without prejudice as to Count II, III, and IV and denied as to Count I. Plaintiff is granted leave to file an amended complaint consistent with this opinion on or before March 6, 1998; defendant shall respond on or before March 27, 1998. The status hearing set for February 12, 1998 is continued to April 2, 1998, at 9:00 a.m.