Tod LUETHANS, Appellant,

v.

**WASHINGTON UNIVERSITY,**
**Respondent.**

No. 77277.

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

Mary Anne Sedey, William E. Moench, Kathryn S. Render, St. Louis, for appellant.

Thomas C. Walsh, Larry M. Bauer, St. Louis, for respondent.

PRICE, Judge.

This is an appeal from a decision of the Circuit Court of the City of St. Louis granting the defendant's motion for summary judgment. The trial court's grant of summary judgment is affirmed because plaintiff pled a case for wrongful discharge but the uncontroverted facts established that he was a contract employee whose contract term had expired.

## I.  Facts

Tod Luethans, a licensed veterinarian, was employed by Washington University from September 1984 through June 1990. In accordance with its policies, Washington University sent Luethans an annual letter of

appointment, dated July 3, 1989, which stated:

> This is to confirm your reappointment without tenure as Associate Veterinarian for University Animal Facilities for the year 1989–90, effective July 1, 1989, with compensation at the following annual rate:
>
> | Salary | $41,164.00 |
> |---|---|
> | Annual Contribution | $ 2,881.48 |
>
> Your salary covers the period July 1, 1989 through June 30, 1990, and will be paid in twelve equal payments beginning July 31 and ending June 30.

On July 6, 1989, Theodore J. Cicero, Ph.D., the interim director of the Office of Laboratory Animal Care at Washington University, wrote Luethans a letter stating in part:

> At this time, we do not anticipate that your services will be needed at the Medical Campus after July 31, 1989. . . . Dr. Hessler may have some other projects and assignments for you but that is uncertain now. Regardless of whether new responsibilities are assigned, you will continue on the payroll until June 30, 1990.

Luethans then filed an action against Washington University for wrongful discharge.

Luethans alleged that one of his responsibilities was assuring that the animal facilities were in compliance with the Animal Welfare Act, 7 U.S.C. § 2131 *et seq.* (1988). Luethans also alleged that Washington University retaliated against and wrongfully discharged him in violation of 9 C.F.R. § 2.32(c)(4) (1994)[1] for reporting abuses of laboratory animals to his superiors and discussing the possibility of reporting the abuses to people outside of the university.

Washington University filed a motion to dismiss or in the alternative for summary judgment. The trial court initially sustained Washington University's motion to dismiss and Luethans appealed. Because Luethans satisfactorily pled that he was employed at will and that Washington University discharged him in violation of a regulation, the court of appeals held that Luethans had stated a cause of action under the public policy

---

**1.** 9 C.F.R. § 2.32(c)(4) (1994) states in pertinent part: "No facility employee . . . or laboratory personnel shall be discriminated against or be subject to any reprisal for reporting violations of any regulation or standards under the Act . . ."

exception to the at-will employee doctrine.[2] The case was reversed and remanded.

On remand, Washington University filed a motion for summary judgment. In support of this motion, Washington University submitted Edward Macias', the provost of Washington University, affidavit and the university's annual letter of appointment to Luethans dated July 3, 1989. Macias' affidavit stated that Washington University had paid Luethans' salary for July 31, 1989 through June 30, 1990 and that Macias had verification that Luethans received and accepted all of the payments.

■ Luethans filed a response to Washington University's motion for summary judgment which included his own affidavit. Luethans' affidavit stated that he had never been told by Washington University that he was under an employment contract and that he had never signed an employment contract. However, Luethans now concedes that he had an employment contract with Washington University.[3]

The trial court granted Washington University's motion for summary judgment. Luethans appealed. The court of appeals transferred the case to this Court pursuant to Rule 83.02. We have jurisdiction pursuant to Mo. Const. art. V, § 10.

## II. Summary Judgment

■ Under Rule 74.04(c)(3), a motion for summary judgment is to be granted "if a motion ... and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court reviews "the record in the light most favorable to the party against whom judgment was entered" and accords "the non-movant the benefit of all reasonable inferences from the record." *ITT Commercial Fin. Corp. v. Mid–America Marine Supply, Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

■ In *ITT Commercial Finance Corp.*, this Court explained that the "purpose of summary judgment under Missouri's fact-pleading regime is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the facts as admitted show a legal right to judgment for the movant." *Id.* at 380. Therefore, Washington University must show that no genuine issue of fact exists and that judgment, as a matter of law, is in its favor.

## III. Pleadings

■ Missouri is a fact-pleading state. Under Rule 55.05, a "pleading that sets forth a claim for relief ... shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." (Emphasis added.)

■ The purpose of fact-pleading is to " 'present, define and isolate the controverted issues so as to advise the trial court and the parties of the issues to be tried and to expe-

---

**2.** A number of Missouri appellate decisions following *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 870 (Mo.App.1985), have adopted a limited public policy exception to the at-will employment doctrine. The exception is stated to protect at-will employees from being discharged for "(1) refusing to violate a statute, (2) reporting violations of the law by employers or fellow employees, or (3) asserting a legal right." *Lay v. St. Louis Helicopter Airways, Inc.*, 869 S.W.2d 173, 176 (Mo.App.1993). The exception is stated to require "a constitutional provision, a statute, or a regulation based on a statute." *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 663 (Mo. banc 1988). This Court has discussed such an exception in *Johnson v. Kraft General Foods, Inc.*, 885 S.W.2d 334 fn. 1 (Mo. banc 1994), and in both *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc 1985), and *Johnson v. McDonnell Douglas*

*Corp.*, 745 S.W.2d 661 (Mo. banc 1988), but has not expressly defined nor adopted the exception. *See Egan v. Wells Fargo Alarm Services*, 23 F.3d 1444, 1445 (8th Cir.1994). For the purposes of this opinion, we assume that the public policy exception to the at-will employment doctrine exists. *See Dake*, 687 S.W.2d at 194 (concurring opinion by Judge Blackmar).

**3.** In response to a question posed by this Court during oral arguments, Luethans' attorney stated: "We are no longer arguing that [Washington University's annual letter of appointment] is not a contract." Even absent this concession, the fact that Luethans received and accepted payment from Washington University pursuant to its July 6, 1989 letter, without notice of any objection, estops Luethans from arguing to the contrary.

dite the trial of a cause on the merits.' " *Walker v. Kansas City Star Co.,* 406 S.W.2d 44, 54 (Mo.1966) (*quoting Johnson v. Flex–O–Lite Mfg. Corp.,* 314 S.W.2d 75, 79 (Mo. 1958)). The pleadings limit and define the issues of the case. *Hesse v. Wagner,* 475 S.W.2d 55 (Mo.1971).

■ Luethans' cause of action against Washington University was pled as wrongful discharge. Luethans pled that he "was retaliated against and wrongfully discharged in violation of the public policy against retaliation for reports of animal mistreatment and neglect in violation of federal regulation." Because the pleadings limit and define the issues of the case, Luethans must have been a discharged at-will employee of Washington University to sustain a cause of action.

## IV. Contractual Employee

Luethans concedes, however, that he was a contractual employee at Washington University. The employment contract governing the relationship between Luethans and Washington University was the annual letter of appointment dated July 3, 1989, which confirmed Luethans' position and salary for the period of July 1, 1989 through June 30, 1990.

■ An essential element to an employment contract is a statement of duration. *McCoy v. Spelman Memorial Hosp.,* 845 S.W.2d 727 (Mo.App.1993). "Without a statement of duration, an employment at will is created which is terminable at any time by either party with no liability for breach of contract." *Id.* at 730. The duration of Luethans' employment contract with Washington University was July 1, 1989 through June 30, 1990.

■ A contractual employee cannot be discharged before the duration of the employment contract except for cause. *Fullington v. Ozark Poultry Supply Co.,* 327 Mo. 1167, 39 S.W.2d 780, 783 (1931). The letter Theodore Cicero, Ph.D., wrote on July 6, 1989 advised Luethans that Washington University may have other projects and assignments for him throughout the duration of their employment contract. In addition, Washington University continued to pay Luethans the

salary and annual contribution as promised in the employment contract. Therefore, Luethans' employment with Washington University expired by the terms of his employment contract; Luethans was not discharged from Washington University.

Washington University has a right to judgment as a matter of law because Luethans pled his cause of action under wrongful discharge when his employment with Washington University expired under the terms of their employment contract. Luethans has asserted that the failure to renew an employment contract, especially one from year to year, should be treated the same as the discharge of an employee at will. Luethans, however, ignores the significant differences in the relationship. An employer and an employee at will have an indefinite agreement that the employee will work only so long as both parties wish the relationship to continue. Either can end the relationship at any time without cause or liability, so long as the act of discharge is not otherwise "wrongful". A contractual employee, however, has a relationship with the employer that is controlled either by express or implied terms. Neither the employee nor the employer can vary those terms without cause or liability may result.

Whether there also may exist liability for a "wrongful" failure to renew a contract or what types of damages may be recovered for a breach of contract in a "whistleblower" situation are questions that remain open. The pleadings have not pled these issues or provided any factual framework for us to determine what considerations might be involved by way of elements or defenses. Luethans has apparently opted to stand on his wrongful discharge pleadings and we decline to consider whether a separate unpled and as yet unrecognized tort or theory of damages should have been alleged in their place.

## CONCLUSIONS

Appellant has alleged a claim for wrongful discharge. The facts establish that appellant was a contractual employee and not one at will. Appellant was paid through the end of his contract period when the parties' rights

and duties under the contract expired. Because a wrongful discharge action is only available to an employee at will, respondent is entitled to judgment as a matter of law. The judgment of the trial court is affirmed.

All concur.