38 F.Supp.2d 793 (1999)
Fred JONES, Plaintiff,
v.
BECKER GROUP OF O'FALLON DIVISION, a Division of Becker Group, Inc., Defendant.
No. 4:98CV1516SNL.
United States District Court, E.D. Missouri, Eastern Division.
March 18, 1999.
*794 Doris Gregory Black, St. Louis, MO, for Fred Jones, plaintiff.
John J. Moellering, Kristine K. Kraft, Lewis and Rice, St. Louis, MO, Jerry R. Hamling, Becker Group, Inc., Sterling Heights, MI, for Becker Group O'Fallon Division, a Division of Becker Group, Inc., defendant.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff has brought this two-count employment discrimination lawsuit alleging that he was disciplined and ultimately terminated from his employment, on the basis of race, in violation of Title VII and § 1981. This matter is before the Court on the defendant's motion for summary judgment (# 18), filed January 14, 1999.[1] As of today's date, plaintiff has failed to file a response. This cause of action is set on the Court's jury trial docket for November 29, 1999.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. *795 v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
Plaintiff, an African-American, was hired by defendant on September 8, 1997 as a production worker. On September 22, 1997 defendant and Local 282, International Union, United Automobile, Aerospace and Agricultural Workers, UAW entered into a collective bargaining agreement. Defendant's Exhibit 1  copy of the said collective bargaining agreement ("CAB"). The CAB expressly provides that all newly hired employees must successfully complete a ninety (90) day probationary period in order to have continued employment as a union member. Defendant's Exhibit 1  CAB, Article 2  Union Membership and Checkoff, Section 1. The CAB further provides that probationary employees are "employed-at-will". Defendant's Exhibit 1  CAB, Article 8  Seniority Provisions, Section 4. The undisputed fact is that the CBA was applicable to the plaintiff during the relevant time-period.
On October 30, 1997 plaintiff was discharged by the defendant. Defendant's Exhibit B-Affidavit of Joe Vallero, Human Resources Manager of Becker Group. At the time of plaintiff's discharge, he had been employed fifty-two (52) days, thus, he was a probationary employee and considered to be "employed-at-will" by the CBA. Affidavit of Joe Vallero. Furthermore, at the time of plaintiff's discharge, no written employment contract between plaintiff and defendant existed. Affidavit of Joe Vallero.
The Court has reviewed the legal memorandum, affidavit and exhibits submitted by the defendant in support of its motion for summary judgment. The defendant has met its initial burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Once the defendant has met its burden, the burden shifted to the plaintiff to "set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." City of Mt. Pleasant v. Associated Electric Coop., 838 F.2d 268, 274 (8th Cir.1988). Since the plaintiff has failed to oppose the defendant's motion, the Court accepts the defendant's account of the facts and now will apply the relevant law.
Defendant contends that plaintiff cannot pursue a claim under § 1981 because he was "employed-at-will"; i.e. no written employment contract or employment contractual relationship existed between the parties. Defendant argues that the existence of such a relationship is required in order to pursue a claim under § 1981. After careful consideration of the matter, the Court concurs.
Section 1981 provides in pertinent part:
(a) Statement of equal rights
All persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ...
42 U.S.C. § 1981(a). The phrase "make and enforce contracts" is defined by the statute to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the *796 contractual relationship." 42 U.S.C. § 1981(b).
The issue of whether an at-will employee may bring an action under § 1981 has not be addressed wide-spread by the circuits. Those that have addressed it are split, see, Fadeyi v. Planned Parenthood Association of Lubbock, Inc., 160 F.3d 1048 (at-will employee has a "contractual relationship" sufficient to maintain an action under § 1981); Spriggs v. Diamond Auto Glass, 165 F.3d 1015 (4th Cir.1999) (at-will employment relationship is contractual and may serve as predicate contract for § 1981 claim); Byers v. The Dallas Morning News, 1999 WL 20953 (N.D.Tex.1999) (under Texas law, at-will employee has a contractual relationship, and thus, can maintain an action under § 1981); contra, Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025 (7th Cir.1998) (noting, but not specifically holding, that under Illinois law an at-will employee fails to have contractual rights necessary to maintain a claim under § 1981); Moorer v. Grumman Aerospace Corp., 964 F.Supp. 665) (E.D.N.Y.1997) (at-will employee cannot establish contractual relationship necessary to support a § 1981 cause of action), aff'd 162 F.3d 1148 (2d Cir.1998) (unpublished); Blumenthal v. Murray, 995 F.Supp. 831 (N.D.Ill.1998) (failure to plead factual existence of contract is fatal to plaintiff's § 1981 claim); Askew v. May Merchandising Corp., 1991 WL 24390 (S.D.N.Y.1991) (at-will employee's absence of contractual relationship is cause to dismiss § 1981 claim). Unfortunately, the Eighth Circuit has yet to address this issue.[2] However, after a careful review of the relevant caselaw, this Court finds that under Missouri law, an at-will employee cannot maintain a cause of action under § 1981.
Under established Missouri law, unless there is a contract which provides for either a term of employment or limits the reasons for which an employee may be discharged, the employee is considered an "at-will" employee and may be discharged from employment without cause or reason.[3]Paul v. Farmland Industries, 37 F.3d 1274, 1277 (8th Cir.1994); Anselmo v. Manufacturers Life Ins. Co., 595 F.Supp. 541, 546-47 (W.D.Mo.1984) aff'd 771 F.2d 417 (8th Cir.1985); Luethans v. Washington University, 894 S.W.2d 169, 172 (Mo. 1995); Porter v. Reardon Machine Co., 962 S.W.2d 932, 936-37 (Mo.App.1998); Faust v. Ryder Commercial Leasing & Services, 954 S.W.2d 383, 389 (Mo.App. 1997); Adcock v. Newtec, Inc., 939 S.W.2d 426, 428 (Mo.App.1996); Clark v. Washington University, 906 S.W.2d 789, 791 (Mo.App.1995); Fields v. R.S.C.D.B., Inc., 865 S.W.2d 877, 879 (Mo.App.1993); Kaskowitz v. Commerce Magazine, Inc., 793 S.W.2d 628, 631 (Mo.App.1990). The Missouri Supreme Court has made it clear that a statement of duration is "an essential element to an employment contract". Luethans, at 172.
The language of § 1981 clearly presupposes the existence of a contractual relationship between the parties. Since Missouri law clearly dictates that an at-will employee has no contractual rights as to the terms, conditions, and duration of the *797 employment, this Court finds the reasoning of those courts which find that an at-will employee cannot establish the existence of a contractual relationship sufficient to support a § 1981 cause of action persuasive. Thus, this Court holds that since Jones was an at-will employee, at the time of his discharge, he cannot maintain the existence of a contractual relationship sufficient to support a claim under § 1981.
Since there is no material issue of fact in dispute as to the plaintiff's at-will employment relationship with the defendant, defendant is entitled to judgment as a matter of law on Count II of the plaintiff's complaint.
NOTES
[1] Defendant's motion is actually a motion to dismiss Count II (§ 1981), or in the alternative, for summary judgment. Since defendant has offered for the Court's consideration an affidavit and a copy of the collective bargaining agreement pertaining to the parties, the Court will address the instant motion as one for summary judgment. See, Rule 12(b)(6) Fed.R.Civ.P.
[2] Although the issue of whether an at-will employee can maintain a cause of action under § 1981 was not directly addressed by the Eighth Circuit in Artis v. Francis Howell School District, et al., 161 F.3d 1178 (8th Cir.1998), the Court did note that "[t]hough not specifically referenced in the statute, § 1981 applies to employment contracts". Id., at 1181. It went on to hold that the plaintiff could not pursue a § 1981 claim against a party that was not a party to an employment contract between the plaintiff and another defendant.
[3] Although an at-will employee can be discharged with or without cause, such discharge still cannot be done in violation of a specific statutory provision. Furthermore, although the Missouri Supreme Court has not yet specifically recognized the public policy exception to the employment at will doctrine, various Missouri courts of appeal have recognized same. See, Porter v. Reardon Machine Co., 962 S.W.2d 932, 936-37 (Mo.App.1998) (citing various courts of appeal opinions).