Michael R. TETTAMBLE, Jr.,
Plaintiff/Respondent,

v.

TCSI–TRANSLAND, INC.,
Defendant/Appellant.

No. SD 32482.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 2013.

Rick E. Temple, of Springfield, MO, for Appellant.

Raymond Lampert, of Springfield, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

The parties submitted this case to the trial court by stipulation "upon the file and the written argument of the parties (by [Michael R. Tettamble, Jr.]) or cases suggested to the [trial c]ourt for consideration

(by [TCSI–Transland, Inc.] )," which then awarded Michael R. Tettamble, Jr. ("Tettamble"), compensation in the amount of $11,250. TCSI–Transland, Inc. ("TCSI"), appeals from the "Judgment" asserting one point of trial-court error. We reverse the Judgment of the trial court.

## Factual and Procedural Background

On April 1, 2011, Tettamble and TCSI signed a "Management Contract" ("Contract"), effective April 1, 2011, in which TCSI and Tettamble agreed to enter into a "business relationship . . . for the purpose of growing TCSI's asset base of Tractors over the next 5 to 15 year period of time." The Contract "acknowledged that [Tettamble would] become the Vice President of Driver Resources and that the Safety and Recruiting Departments of TCSI [would] report to him." A "Proposed Compensation and Benefits with Explanations" ("Addendum") was also signed, effective April 3, 2011. The trial court found the Addendum "was clearly and without question intended as a supplement or addition to the parties [sic] . . . Contract[.]" The Addendum provided the following:

> Compensation for Vice President—Driver Resources
>
> $1,250 per week for 52 weeks = $65,000

On April 4, 2011, Tettamble began employment with TCSI. Tettamble was terminated on January 27, 2012. On February 27, 2012, Tettamble received a letter from TCSI setting forth the reason for his termination. The letter stated Tettamble was terminated due to being "ineffective at relating to your staff and ineffective at soliciting drivers," which "led to a lack of confidence by . . . co-workers and upper management . . . [which] led to an inefficient department."

On April 25, 2012, Tettamble filed a "Petition" in the Associate Division of the Circuit Court of Greene County, Missouri, alleging that by terminating his employment prior to the end of the 52 weeks, TCSI breached the Addendum and Tettamble was therefore entitled to nine weeks of unpaid wages, as well as compensation for lost medical, dental and short-term disability benefits.

TCSI argues in its brief that Tettamble was an " 'employee at-will' " because the Contract and Addendum did not arise to a " 'contract with a definite term.' "

On September 20, 2012, a hearing was held during which the parties presented their respective legal arguments and submitted the case on stipulated facts. The case was then taken under advisement.

On November 30, 2012, the trial court entered its "Judgment" and "Findings of Fact and Conclusions of Law." The trial court found that the Addendum "clearly and without question set forth the duration of the agreement and compensation as . . . '$1,250 per week for 52 weeks = $65,-000.' " The trial court further found that the Contract and Addendum did "NOT establish an arrangement or relationship under which [Tettamble] was an 'employee at-will' subject to discharge at any time, with or without cause, but rather one in which [Tettamble] was an 'employee whose employment [was] . . . for a definite period of time[,]' " per section 290.130.[1] (Emphasis in original).

The trial court concluded that Tettamble had been "wrongfully discharged (at least) nine weeks prior to the expiration" of the Contract under its "express terms" and, therefore, Tettamble was entitled to nine weeks of compensation at the "contract rate of $1,250 per week, or the sum of $11,250[,]" plus 9 percent interest from the

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

date of the Judgment. This appeal followed.

The sole issue for our determination is whether the Addendum provision—"$1,250 per week for 52 weeks = $65,000"—is a statement of duration, making the Contract and Addendum an employment contract, or whether Tettamble was simply an "employee at will."

## Standard of Review

■■■ "In reviewing a court-tried case, we must affirm the judgment of the trial court unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law." *Cameron Mut. Ins. Co. v. Woods*, 88 S.W.3d 896, 899 (Mo.App.W.D. 2002). Here, the parties submitted the case to the trial court on stipulated facts. Where the underlying facts are not in question, disputes arising from the interpretation and application of a contract are reviewed by this Court *de novo* as a matter of law. *Id.*

## Analysis

TCSI essentially argues Tettamble cannot state a claim for breach of contract because Tettamble was an at-will employee for the reason that the Contract and Addendum did not fix the duration of employment. Tettamble argues "there is no fixed form or requirement that a statement of duration must have, but the plain meaning of the phrase 'for 52 weeks' indicates the intent of the employer and the employee to create a contract of employment for that time period." Tettamble further argues he promised to work for TCSI for 52 weeks and TCSI promised to employ him for 52 weeks. TCSI's position has merit. Here, the trial court misapplied the law.

■■■ "An essential element to an employment contract is a statement of duration." *Luethans v. Washington Universi-*

*ty*, 894 S.W.2d 169, 172 (Mo. banc 1995) *abrogated on other grounds by Keveney v. Missouri Military Academy*, 304 S.W.3d 98 (Mo. banc 2010). It is well settled that a contractual employee hired for a stated period of time can only be discharged before the end of that time for cause. *Fullington v. Ozark Poultry Supply Co.*, 327 Mo. 1167, 39 S.W.2d 780, 783 (1931). "Absent an employment contract with a '[definite] statement of duration[,] an employment at will is created.'" *Margiotta v. Christian Hosp. Northeast Northwest*, 315 S.W.3d 342, 345 (Mo. banc 2010) (quoting *Luethans*, 894 S.W.2d at 172).

■■■ We again note that unless there is a contract "which specifies the duration of the employment, . . . the employment is at the will of either party." *Kaskowitz v. Commerce Magazine, Inc.*, 793 S.W.2d 628, 631 (Mo.App.E.D.1990) (internal quotation omitted). Tettamble's position is that the Addendum language of "$1,250 per week for 52 weeks = $65,000" is definite language fixing Tettamble's duration of employment at 52 weeks. However, this position does not comply with Missouri law:

'The law in this state has been well stated that an indefinite hiring at so much per day, or per month, or per year, is a hiring at will, and may be terminated by either party at any time, and no action can be sustained in such a case for a wrongful discharge.'

*Campbell v. Sheraton Corp. of America*, 363 Mo. 688, 253 S.W.2d 106, 110 (1952) (quoting *Brookfield v. Drury College*, 139 Mo.App. 339, 123 S.W. 86, 94 (1909)).

In *Campbell*, plaintiff argued a sentence in a letter providing the " 'salary is to be $12,000 per year and maintenance for yourself and family' " established a one-year contract of employment. 253 S.W.2d at 110. The Supreme Court of Missouri

disagreed and found the sentence "fixed the salary but did not fix the duration of the employment." [2] *Id.*

Similarly, in *Kaskowitz,* plaintiff and employer signed an untitled document which contained the terms of plaintiff's compensation. 793 S.W.2d at 629. Plaintiff claimed the document, along with a letter confirming the employment offer made to her, constituted an employment contract in that they set out the terms, compensation, and duration of her employment. *Id.* at 631. However, neither document contained any reference to the length of employment, nor did the documents limit the reasons for which she could be discharged. *Id.* These facts, along with plaintiff's admission that the duration of employment or what would happen if she was fired or quit was never discussed, let the court find plaintiff was an employee at will. *Id.*

Relying in part on *Kaskowitz,* the Eastern District found a letter providing a university manager's salary "for the year 1991–92" was "insufficient to establish a contract." *Clark v. Washington University,* 906 S.W.2d 789 (Mo.App.E.D.1995). The court found the letter was "merely stating what his salary would be for that year," and quoted the *Kaskowitz* finding that " 'an indefinite hiring at so much per day, or per month, or per year, is a hiring at will, and may be terminated by either party at any time.' " *Clark,* 906 S.W.2d at 791 (quoting *Kaskowitz,* 793 S.W.2d at 631).

The cases cited by Tettamble are all distinguishable in that they contain language or reference to a specific time or term of the agreements. For example, in *Adcock v. Newtec,* 939 S.W.2d 426, 427–28 (Mo.App.E.D.1996), the agreement had a specific paragraph titled "Term of Agreement," which provided the agreement would commence October 9, 1989, continue in full force and effect until October 9, 1992, and continue from year to year thereafter. The court found the contract defined duration because it provided for a one-year employment relationship with one-year extensions thereafter. *Id.* at 428. A letter memorandum of the terms in *Vondras v. Titanium Research & Development Co.,* 511 S.W.2d 883, 885 n. 1 (Mo.App.ST.L.D.1974), specifically noted "setting up ... [a] [m]inimum of 18 months service with the company." Finally, in *Sigetich v. Great Eagle Enterprises Corp.,* 752 S.W.2d 463, 464 (Mo.App.E.D.1988), the term of the contract was specifically defined in the agreement:

> '2. *Term.* The term of employment shall continue from year to year unless terminated by either party by thirty days written notice ... or unless otherwise terminated by Company in accordance with the provisions of paragraph 8 hereof....'[ 3]

■ Here, the language "$1,250 per week for 52 weeks = $65,000" merely sets out Tettamble's salary over 52 weeks; i.e.,

---

2. The court also noted the document did not state when the agreement should end or how payments were to be made before quoting the law in Missouri regarding an indefinite hiring. *Campbell,* 253 S.W.2d at 110.

3. The trial court cited *Hughes v. Freeman Health System,* 283 S.W.3d 797 (Mo.App.S.D. 2009), in support of the finding that Tettamble was an employee for a definite period of time. We do not see how the *Hughes '* opin-

ion provides any such support. In *Hughes,* this Court noted the general rule that employment is at will if the employee does not have a contract containing a statement of duration, and may be discharged at any time, with or without cause. However, the issue in *Hughes* was the application of the "public policy exception" to the at-will employment doctrine, which is not an issue raised in this case on appeal.

one year. This language does not reference a specific time or term of the agreement itself. The language is nothing more than an equation spelling out Tettamble's salary. Additional facts in support of this finding are that the agreements do not provide when they will be renewed or end, or limit the reasons for which Tettamble could be discharged. The language in the Addendum does not constitute a "definite statement of duration" to establish an employment contract between Tettamble and TCSI. Absent a definite statement of duration in the Addendum, Tettamble was an employee at will.

In light of our finding that Tettamble was an employee at will, he has no cause of action for wrongful discharge and the trial court erred in awarding damages for wrongful discharge. TCSI's Point I is sustained.

Accordingly, the trial court's judgment is reversed. Judgment is entered in favor of TCSI.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., concur.